**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:94-CR-062-O-1 |
| | § | |
| RODOLFO A. CUELLAR, JR. | § | |
| #25755-077, | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On June 1, 2017, Defendant filed an amended motion to reduce sentence under 28 U.S.C. § 3582(c)(2), which was referred to the United States magistrate judge. Crim. Doc. 406; Crim. Doc. 407. For the reasons that follow, it is recommended that the motion be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**I. BACKGROUND**

In 1994, Defendant was found guilty of conspiring to distribute cocaine, using a communication facility to facilitate drug trafficking, possessing heroin with intent to distribute, employing a person under 18 years of age in the distribution of cocaine and heroin, and possessing a firearm during a drug trafficking crime. Crim. Doc. 380 at 4, Presentence Report (PSR) ¶¶ 1-2. He was sentenced to life imprisonment. The Court of Appeals for the Fifth Circuit affirmed his conviction, except for the gun possession count, which, on remand, was dismissed on the government's motion. Thereafter, Defendant unsuccessfully sought post-conviction relief under 28 U.S.C. § 2255. Crim. Doc. 341 (dismissing section 2255 motion as time barred). He also pursued a motion to modify sentence under 18 U.S.C. § 3582, and a petition for writ of *audita querela*, which were construed as successive section 2255 motions and dismissed without prejudice. Crim. Doc. 373; *Cuellar v. United States*, Nos. 3:09-CV-0076-P

(N.D. Tex. Feb. 2, 2009). On April 25, 2016, the Court granted Defendant's motion to reduce sentence under the 2014 Drug Guidelines Amendment, reducing his imprisonment term from life to 40 years. Crim. Doc. 398.

By the motion *sub judice*, Defendant again seeks a sentence reduction under 18 U.S.C. § 3582(c)(2). He now claims the original guidelines imprisonment range was "calculated inaccurately, thereby causing the amended guideline used . . . for resentencing to be an inaccurate calculation of [his] sentence." Crim. Doc. 406 at 2. Specifically, he complains of "impermissible double counting . . . when 2 pts. were added for the same charge" – namely employing a person under 18 years of age for the distribution of cocaine and heroin. Crim. Doc. 406 at 3. Defendant also challenges the calculation of his criminal history category, arguing that the court improperly relied on state plea agreements that were "null and void," and that the government did not notify him that those plea agreements could be used in his criminal history calculation. Crim. Doc. 406 at 5.

## II. ANALYSIS

Under 18 U.S.C. § 3582(c)(2), a court may modify a previously imposed sentence if the defendant's applicable sentencing range under the United States Sentencing Guidelines has subsequently been lowered by the Sentencing Commission. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in certain cases where the sentencing range has been subsequently lowered by the Sentencing Commission); *see also* U.S.S.G. § 1B1.10(a). As set forth in the Sentencing Guidelines policy statement, section 3582(c)(2) applies only to retroactive guidelines amendments. *See* U.S.S.G. § 1B1.10(a).

Defendant's amended motion to reduce sentence is <u>not</u> based on a retroactive guidelines amendment. Instead Defendant challenges the Court's calculation of the guideline range at his initial sentencing. As such, the motion is not cognizable under section 3582(c)(2) and the Court lacks jurisdiction to entertain it. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (dismissing motion for reduction of sentence because it was unauthorized and without jurisdictional basis). Moreover, contrary to Defendant's assertion, *see* Crim. Doc. 406 at 2, the Court cannot construe his motion as a request under Federal Rule of Criminal Procedure 35 because the motion was neither filed by the Government nor made within fourteen days of sentencing. *See* FED. R. CRIM. P. 35; *Early*, 27 F.3d at 141.

Even if the motion is liberally construed as seeking relief under 28 U.S.C. § 2255, the Court lacks jurisdiction to entertain it. Defendant previously sought relief under section 2255 and he has not received permission from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir.1999) (per curiam); 28 U.S.C. §§ 2255(h) and 2244(b) (limiting the circumstances under which a defendant may file a second or successive application for federal habeas relief).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant's amended motion to reduce sentence under 18 U.S.C. § 3582(c)(2) be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

SIGNED June 8, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE